[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on August 11, 1973, in Harrison, New York. The plaintiff has resided continuously in this state since that time. The union produced three sons, one of whom is a minor. He is Michael Seiler, born March 3, 1987. The evidence indicates that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 51 years old and enjoys good health. He holds a B.S. degree in accounting and is employed by Frank Mercede and Sons, Inc., a local building contractor, as its comptroller.
The defendant is 48 years old and indicated her health is good. She has a B.S. degree in education and works as a teacher at a private school. CT Page 3508
The court finds that the plaintiff must bear the responsibility for the failure of this marriage. It would serve no useful purpose in repeating the evidence that led to this conclusion.
This is a marriage of long duration and it is regrettable that it is terminating, particularly at this time. The two older children of the parties are attending college and the plaintiff has been struggling to finance their education. Both parties desire their sons to continue in school and also for the defendant and their minor child to continue to reside in the family home. Unfortunately, their financial situation makes it highly unlikely that both objectives can be met.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-56, 46b-81, 46b-82, and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. CUSTODY
 In accordance with the stipulation of the parties, the plaintiff and the defendant shall have joint legal custody of their minor child, Michael. Primary residence of the child shall be with the defendant,. And the plaintiff shall have broad, liberal and flexible rights of visitation.
2. ALIMONY/CHILD SUPPORT
 a. The plaintiff shall pay to the defendant as periodic alimony the sum of $400 per week. The payments shall commence on April 3, 2000 and continue on the first day of each week thereafter, in advance, until the death of either party or the defendant's remarriage, whichever event first occurs. For the month of March, 2000, the plaintiff shall pay the same expenses as he has been during the pendente lite period.
 b. The plaintiff shall pay to the defendant as child support the sum of $208 per week, in accordance with the child support guidelines. The payments shall commence on April 3, 2000 and continue on the first day of the week thereafter, in advance, until the child attains the age of eighteen (18) years, is emancipated, dies or Section CT Page 3509 46b-84 (b) of the Connecticut General Statutes applies, whichever event first occurs.
A contingent wage withholding order may enter.
3. MEDICAL INSURANCE AND UNREIMBURSED MEDICAL/DENTAL EXPENSES.
 a. The plaintiff shall provide, at his sole cost and expense, medical and dental insurance for the benefit of the minor child of the parties. Section 46b-84 (e) of the Connecticut General Statutes shall apply.
 b. In accordance with the stipulation of the parties, they shall equally share the costs of any uninsured/unreimbursed medical and dental expenses for the child.
4. PROPERTY DIVISION
 a. 1. Marital Residence — The defendant shall have exclusive possession of the former marital residence located at 96 Studio Road, Stamford, Connecticut. The property shall be listed for sale at a mutually agreeable price when the minor child, Michael, attains the age of 18, is emancipated, or dies, whichever shall first occur. The court reserves jurisdiction over any disputes that may arise in reference to the sale of the property.
 2. The defendant shall pay the mortgage, real estate taxes, insurance and related expenses for the residence as long as she has exclusive possession. She shall indemnify and hold harmless the plaintiff therefrom. However, until the closing of title in any sale, the parties shall equally share the costs of any capital improvements/replacements and/or major repairs (any repairs in excess of $500). The defendant, except in the case of emergency, shall have prior consultation with the plaintiff concerning any such improvement/replacement/repair, and the plaintiff shall not unreasonably withhold or delay his consent thereto.
 3. Upon the closing of title, after payment of the first mortgage and the traditional costs of sale, the parties shall share equally the net proceeds of sale. CT Page 3510
 4. From the defendant's share of the net proceeds, she shall pay to the plaintiff the sum of fifteen thousand ($15,000) dollars. This represents her contribution toward the payment of the outstanding debts that the plaintiff is ordered to pay in a following order.
 b. Except as provided above, the defendant shall keep and retain as her sole property all of the additional and remaining assets contained on her financial affidavit, dated February 28, 2000, including the furniture and furnishings located in the former marital residence.
 c. Except as provided above, the plaintiff shall keep and retain as his sole property all of the additional and remaining assets contained on his financial affidavit dated February 29, 2000.
5. LIFE INSURANCE
 a. The plaintiff shall maintain life insurance on his life, in the minimum face amount of $100,000, designating the minor child, Michael, as irrevocable beneficiary thereunder, for as long as the plaintiff is obligated to pay child support.
 b. The plaintiff shall maintain life insurance on his life, in the minimum face amount of $200,000, designating the defendant as irrevocable beneficiary thereunder, for so long as the plaintiff is obligated to pay alimony.
6. DEBTS AND LIABILITIES
 a. The plaintiff shall be solely responsible for the payment of the liabilities listed on his financial affidavit, including all joint debts. He shall indemnify and hold harmless the defendant from any cost or expense therefrom.
 b. The plaintiff shall be responsible for the payment of any arrearages due on the mortgage, held by the Hudson United Bank, through March, 2000. He may make arrangements for payment as are acceptable by the bank.
 c. The defendant shall be responsible for the payment of the CT Page 3511 liabilities listed on her financial affidavit, except for any mortgage arrearage. She shall indemnify and hold harmless the plaintiff from any cost or expenses therefrom.
7. ATTORNEY'S FEES
Each party shall pay his/her own attorney's fees.
Judgment may enter accordingly.
NOVACK, J.